USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE J. MERMAN TRUST, et al.,

Plaintiffs,

-v-

ALCHEMY PROPERTIES INC., et al.,

Defendants.

25-cv-06242 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiffs the J. Merman Trust and its trustee Rachel Kalin move, pursuant to Federal Rule of Civil Procedure 37(a), to compel discovery. Dkt. No. 146. Defendants Alchemy Properties Inc., 378 WEA Owner, LLC, 378 WEA Mezz LLC, 378 WEA JV LLC, and Alchemy 378 WEA LLC (the "Non-Sponsor Defendants") oppose the motion and seek a stay of discovery against them pending a decision on their recently filed motion for judgment on the pleadings. Dkt. No. 152. The motion to compel is granted and the motion for a stay is denied without prejudice.

Plaintiffs seek limited document discovery: "documents sufficient to show: (1) the corporate structure of [the Non-Sponsor Defendants]; and (2) the capitalization of the [Non-Sponsor Defendants]." Dkt. No. 146 at 3. They represent that they seek only a "handful of documents," and identify specifically the organizational charts and governing agreements for each of the companies and an annual balance sheet and cash flow statement for such companies. *Id.* at 2. The Non-Sponsor Defendants do not dispute the relevance of such documents to Plaintiffs' alter ego claims or claim that the production of such documents would be burdensome. Dkt. No. 152.

The Non-Sponsor Defendants instead seek a stay of all discovery against them on the strength of their motion for judgment on the pleadings. The Court has discretion to grant a stay of discovery based on a showing of good cause. Fed. R. Civ. P. 16(b)(4). "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Fin. Ltd. (Sing) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)).

The Non-Sponsor Defendants have filed a strong motion for judgment on the pleadings but that motion and request for a stay come late. Had the Non-Sponsor Defendants truly been concerned about alter ego discovery, they could have and should have moved earlier. The complaint was filed in July 2025, Dkt. No. 1, the Non-Sponsor Defendants were served in August 2025, Dkt. Nos. 10–23, and they answered the complaint in October 2025, Dkt. No. 40. Fact discovery was originally scheduled to close in April 2026. Dkt. No. 32. Fact depositions are now scheduled to be completed by January 15, 2027. Dkt. No. 134. At no point when the Court entered the case management plan and an amended case management plan did the Non-Sponsor Defendants express a concern that they would be subject to discovery. There are numerous other parties in the case. Given the late day of the motion, the relatively narrow request for documents at issue on this motion and the prejudice that would be caused by granting a stay with respect to one party but not all parties in a case that clearly will continue, the Non-Sponsor Defendants have not shown good cause for a stay. This ruling is without prejudice to a renewed motion for a stay based on changed circumstances, including with respect to a more expansive request for discovery directed uniquely to the alter ego claims and without relevance to any other claims.

Defendants shall produce the following documents to the extent they are responsive to Plaintiffs' document demands: documents sufficient to show: (1) the corporate structure of the Non-Sponsor Defendants; and (2) the capitalization of the Non-Sponsor Defendants, including organizational charts and governing agreements for each of the companies and an annual balance sheet and cash flow statement for such companies.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 146.

SO ORDERED.

Dated: July 20, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge