USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE J. MERMAN TRUST, et al.,

Plaintiffs,

-v-

ALCHEMY PROPERTIES INC., et al.,

Defendants.

25-cv-06242 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiffs, The J. Merman Trust and Rachel Kalin, move, pursuant to Federal Rule of Civil Procedure 34(c), to compel non-party Daishin America, LLC ("Daishin"), to produce documents in response to a Rule 45 subpoena duces tecum dated June 23, 2026 (the "Subpoena"). Dkt. No. 167.

Rule 45 allows a party to serve a subpoena on a non-party for the production of documents and other information or for a deposition. *See* Fed. R. Civ. P. 45(a)(1). "The party seeking discovery bears the initial burden of proving the discovery is relevant." *In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019) (quoting *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017)). "If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden." *Id.* (citing *Griffith v. United States*, 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007)). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* (quoting *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003

WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)). "The trial court has broad discretion to determine whether a subpoena imposes an undue burden." *Id.* (citing *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003)); *see Insured Advoc. Grp., LLC v. Spartan Servs. Corp.*, 2024 WL 4893580, at *1–2 (S.D.N.Y. Nov. 26, 2024).

"In general, the relevance standard that applies when seeking discovery from a party also applies to non-parties." *Citizens Union of City of New York v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); *see Malibu Media, LLC v. Doe*, 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016) ("[S]ubpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)."). "[T]here is no absolute rule that party sources must be exhausted before calling upon third parties." *Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *4 (S.D.N.Y. July 15, 2020). However, in evaluating whether discovery on a nonparty constitutes an undue burden, one relevant factor is "whether the requested information can be obtained from the parties themselves." *Cerco Bridge Loans 6 LLC v. Schenker*, 2024 WL 4165128, at *2 (S.D.N.Y. July 16, 2024) (quoting *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020)); *see In re 650 Fifth Ave. & Related Props.*, 2013 WL 12335763, at *3 (S.D.N.Y. Aug. 29, 2013). "[I]f documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness [pursuant to Rule 45]." *Burns v. Bank of Am.*, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (quoting Wright & Miller's Federal Practice & Procedure § 2204); *see Cerco Bridge Loans*, 2024 WL 4165128, at *2.

Plaintiff seeks the following documents which are encompassed within items requested in the Subpoena: (1) Documents and Communications concerning the construction and marketing of the Building; (2) Documents sufficient to show Daishin's actual or expected profit from the

Project; and (3) Documents and Communications concerning Plaintiffs or the Unit. Dkt. No. 167 at 2.[1]

The motion is granted with respect to the first and third categories. Daishin shall produce Documents and Communications concerning the construction and marketing of the Building and all Documents and Communications concerning Plaintiffs or the Unit except for those that are protected by a validly-asserted privilege and except that Daishin need not produce identical copies of documents or communications that have already been produced by Defendant. Plaintiff has established the relevance of the documents. The complaint challenges Defendant's marketing and construction of the Building and alleges that the owner cut corners on the construction throughout the building when faced with delays and resulting lost profits. Dkt. No. 1 ¶¶ 5, 80. It alleges claims, *inter alia*, for breach of contract and fraudulent inducement. *Id.* ¶¶ 211–27. Daishin was a member of the Building "Team," *see* Dkt. No. 167 at 1 (citing https://378wea.com/team), it was the majority investor in the Building, *id.* (citing KoreanEconomic Daily, Daishin Securities to Invest $110 Mn to Buy Two Manhattan Buildings, available at https://www.kedglobal.com/newsView/ked201809050001), it is listed as attending and participating in Owner's Meetings to discuss action items for construction, *id.* at 1–2, and it was asked by Defendant to comment on marketing materials for the Building, *id.* at 2. It is not necessary that Daishin have had a "central role," Dkt. No. 168 at 2, for it to have relevant documents. Plaintiff has offered reason to believe that, given Daishin's significant stake in the Building and its access to information about it, it would have relevant documents that would not necessarily be in the possession of Defendant. Moreover, aside from asserting that Plaintiff

[1] Documents, Communications, Building, and Project all are defined terms in the Subpoena. The Court understands the Unit to refer to Unit PHA, the apartment at issue in this litigation.

should request documents in the first instance from Defendant, Daishin has offered no evidence of burden.

The motion is denied insofar as Plaintiff seeks documents regarding Daishin's actual or expected profit from the Project for failure to make a sufficient showing of relevance. The denial is without prejudice. Discovery is ongoing in this case and the Court does not foreclose the possibility that Plaintiff will be able in the future to make a showing of relevance.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 167.

SO ORDERED.

Dated: September 29, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge