USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/05/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE J. MERMAN TRUST, et al.,

Plaintiffs,

-v-

ALCHEMY PROPERTIES INC., et al.,

Defendants.

25-cv-06242 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

On March 16, 2026, Third-Party Defendant CookFox Architects, DPC ("CookFox") filed a motion to dismiss the third-party complaint against it filed by Defendants/Third-Party Plaintiffs Alchemy Properties Inc., 378 WEA Owner LLC, 378 WEA Mezz LLC, 378 WEA JV LLC, Alchemy 378 WEA LLC, Kenneth S. Horn, Joel Breitkopf, and Alexander J. Saltzman (collectively, "Defendants/Third-Party Plaintiffs"), Dkt. No. 48, pursuant to Federal Rule of Civil Procedure 12(b)(3) and under the doctrine of *forum non conveniens*. Dkt. No. 107. The motion is granted.

On August 2, 2017, CookFox entered into a standard form AIA agreement (the "Agreement") with Collegiate Asset Management Corp., the sponsor for the condominium building to be built at 378 West End Avenue, New York, New York. Dkt. No. 109 ¶¶ 2–3; *see also* Dkt. No. 109-1. The Agreement contains a forum selection clause mandating that any litigation "arising out of or related to [the] Agreement," Dkt. No. 109-1 § 8.2.1, be filed in the Supreme Court of the State of New York, New York County:

> To the extent a claim or dispute is not resolved through mediation hereunder or mediation is not held within sixty (60) days of the demand, such claim or dispute shall be resolved by reference to judicial process. The venue in any action shall be

> the Supreme Court of the State of New York, County of New York (commercial jurisdiction, subject to any monetary restrictions), wherein exclusive jurisdiction shall lie, and both parties irrevocably consent to the exclusive jurisdiction of any such court for purposes of this Agreement, and without regards to any forum non conveniens consideration.

*Id.* § 8.3.1.

"[T]he appropriate way to enforce a forum-selection clause pointing to a state . . . forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). And because "[a] dismissal based on the doctrine of *forum non* [*conveniens*] is not a dismissal on the merits[,] . . . [it] is generally without prejudice." *KnowYourMeme.com Network, Inc. v. Nizri*, 2023 WL 6619165, at *3 (2d Cir. Oct. 11, 2023) (summary order) (citing *Chick Kam Choo v. Exxon*, 486 U.S. 140, 148 (1988)). Defendants/Third-Party Plaintiffs do not oppose this relief. *See* Dkt. No. 172. Defendants/Third Party Plaintiffs' third-party complaint against CookFox is therefore dismissed without prejudice. The Clerk of Court is respectfully directed to close Dkt. No. 107.

SO ORDERED.

Dated: November 5, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge